# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GERVIN COLUMUS WILLIAMS, #452-501, | *|
| Plaintiff, | * |
| v. | * Civil Action No. PWG-17-1550 |
| EDWARD G. RAHLL & SONS, INC.,[1] | * |
| Defendant. | * |

## MEMORANDUM OPINION AND ORDER

Gervin Columbus Williams, presently confined at the Maryland Reception Diagnostic Classification Center ("MRDCC") in Baltimore, Maryland, has filed *pro se* Complaint against his former employer, Edward G. Rahll & Sons, Inc. ("Rahll & Sons"), that concerns a workplace injury he suffered in June 2016. Compl., ECF No. 1. Along with his Complaint, Williams has also filed a Motion for Leave to Proceed *in Forma Pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 2. Although the Court has an obligation to liberally construe a *pro se* litigant's pleadings, *Estelle v. Gamble*, 429 U.S. 97, 107 (1976), in any case in which a litigant seeks to proceed *in forma pauperis*, the Court must dismiss the complaint if it, among other things, "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). No matter how liberally the Court construes Williams's Complaint, the Court lacks subject-matter jurisdiction over his claim.

Williams alleges that he was injured while unloading a pallet of corn from a loading dock when a worker employed by a different company struck him with a forklift. Compl. 5–6.[2] On account of his injury, Williams missed eight weeks of work and received workers' compensation

---

[1] The Clerk shall amend the docket to reflect the proper spelling of the corporate Defendant's name.

[2] Citations to the Complaint refer to CM/ECF page numbers.

benefits. *Id.* at 8, 10. For some time, Williams has sought to pursue legal action against the company that employed the worker who injured him, but a lawyer that he contacted about the case indicated that he could not pursue legal action unless the individual who injured him could be identified. *Id.* Williams seeks $720,000 in compensatory damages from his employer and $960,000 in compensatory damages from the company that employed the responsible party. *Id.* at 21.

Williams's claim boils down to a common-law tort action. Accordingly, diversity jurisdiction is the only possible basis for this case being in federal court. Federal courts possess diversity jurisdiction over lawsuits between citizens of different states involving an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). "For diversity jurisdiction purposes, a prisoner's domicile is presumed to be where he was domiciled prior to incarceration." *Roberts v. Morchower*, 956 F.2d 1163 (4th Cir. 1992) (unpublished table opinion). I take judicial notice pursuant to Fed. R. Evid. 201(b)(2) that Williams was domiciled in Maryland prior to his incarceration, *see Maryland Judiciary Case Search*, Md. Judiciary, http://casesearch.courts.state.md.us/casesearch//inquiry-index.jsp (last visited June 14, 2017), and that Rahll & Sons is a Maryland corporation with its principal place of business in Jessup, Maryland. *Edward G. Rahll & Sons, Inc.: D00718700*, Md. Bus. Express, https://egov.maryland.gov/BusinessExpress/EntitySearch/BusinessInformation/D00718700 (last visited June 14, 2017). Moreover, the two companies that Williams identifies as the responsible individual's possible employers—Parade Produce, Inc. and Sid Goodman & Co. Inc.—are likewise Maryland corporations headquartered in Maryland.[3] *Parade Produce, Inc.:*

---

[3] Williams refers to the companies as "Goodman and Parade Produce," which he says operate at the Maryland Wholesale Produce Market. Compl. 10. The Produce Market's website lists Parade Produce/Tipco, Inc. and Sid Goodman & Co., Inc. as merchants that operate at the

*D02882900*, Md. Bus. Express, https://egov.maryland.gov/BusinessExpress/EntitySearch/BusinessInformation/D03316908 (last visited June 14, 2017); *Sid Goodman & Co., Inc.: D03316908*, Md. Bus. Express, https://egov.maryland.gov/BusinessExpress/EntitySearch/BusinessInformation/D03316908 (last visited June 14, 2017).  Thus, the parties are not diverse, and the Court lacks subject-matter jurisdiction over the case.  I will therefore grant Williams leave to proceed *in forma pauperis* but will dismiss the Complaint without prejudice to Plaintiff refiling in Maryland state court.

**ORDER**

Accordingly, it is this 16th day of June, 2017, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. 2, IS GRANTED;

2. The Complaint IS DIMISSED pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for lack of subject-matter jurisdiction without prejudice to Plaintiff refiling in Maryland state court;

3. The Clerk SHALL CLOSE the case AND TRANSMIT a copy of this Memorandum Opinion and Order to the *pro se* Plaintiff.

_____/S/_____
Paul W. Grimm
United States District Judge

---

market.  *Produce Merchants*, Md. Food Ctr. Authority, http://www.mfca.info/index.php?option=com_content&view=article&id=21&Itemid=70 (last visited June 14, 2017).